1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    Kenneth Sachs,                              No. CV-22-00368-PHX-DWL

10                    Plaintiff,                  **ORDER**

11   v.

12   James F. Wees,

13                    Defendant.

14

15        The Court has an independent obligation to determine whether it has subject-matter

16   jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  Pursuant to

17   Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any

18   time that it lacks subject-matter jurisdiction, the court must dismiss the action."  *Id.*

19   Although "a plaintiff's assertion of an invalid federal cause of action does not always

20   implicate the existence of subject-matter jurisdiction," dismissal for lack of subject-matter

21   jurisdiction based on "the inadequacy of the federal claim" is proper "when the [federal]

22   claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or

23   otherwise completely devoid of merit as not to involve a federal controversy." *Robinson*

24   *v. Aetna Life Ins. Co.*, 2021 WL 2138778, *4 (D. Ariz. 2021) (quoting *Steel Co. v. Citizens*

25   *for a Better Env't*, 523 U.S. 83, 89 (1998)).

26        In the complaint, Plaintiff asserts various claims against James Wees, a "retained"

27   attorney who represented Plaintiff's now ex-wife during Plaintiff's divorce proceeding.

28   (Doc. 1 ¶ 6.)  The core factual allegation is that Wees "rendered false information to the

court-appointed psychological evaluator, which caused [the evaluator] to formulate an opinion with regard to the mental fitness of Plaintiff." (*Id.* ¶ 8.)  "The Court appointed evaluator then made a custody recommendation to the Court based on this false information." (*Id.*)  According to the complaint, this "resulted in [Plaintiff's] minor child being placed in an environment with her mother that was damaging to her mental and physical wellbeing." (*Id.* ¶ 36.)

The complaint asserts seven causes of action. (*Id*. ¶¶ 10-40.)  The first six are state-law claims: (1) legal malpractice; (2) violation of Ethical Rule 8.4(c); (3) violation of Ethical Rule 8.4(d); (4) perjury under A.R.S. § 13-2702; (5) subornation of perjury under A.R.S. § 13-2702; and (6) gross negligence.  (*Id*. ¶¶ 10-36.)  The seventh—the only purported federal claim—is a "violation of constitutional right to parent a child." (*Id.* ¶¶ 37-40.)

The complaint alleges that "[t]his Court has jurisdiction over this action under 28 U.S. Code § 1343 (civil rights)." (Doc. 1 ¶ 4.)  Although the complaint does not identify the specific subsection of § 1343 that Plaintiff believes would be applicable here, the relevant factual allegations suggest that § 1343(a)(3)—which vests district courts with "original jurisdiction of any civil action . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States"—would be most applicable.[1]  This is because the complaint alleges that Plaintiff's "Fourteenth Amendment rights under the United States Constitution were violated by Defendant" and that "Defendant interfered with Plaintiff's familial right of association by causing or falsifying of Plaintiff's evaluation, leading to its use by the honorable judge to reduce Plaintiff's parenting time to supervised visitation only." (Doc. 1 ¶¶ 38, 40.)

"It is not sufficient to obtain jurisdiction under § 1343(3) merely to assert a

---

[1]     Subsections (a)(1) and (a)(2) of § 1343 involve conspiracies under 42 U.S.C. § 1985, but there are no conspiracy allegations in the complaint.  Subsection (a)(4) involves "relief under any Act of Congress for the protection of civil rights, including the right to vote."

1  constitutional claim." *Doe v. Klein*, 599 F.2d 338, 340 (9th Cir. 1979).  Federal jurisdiction

2  requires that a party assert a *substantial* federal claim.  *Hagans v. Lavine,* 415 U.S. 528,

3  536 (1974).  *See also Robinson*, 2021 WL 2138778 at *4.  "The doctrine of substantiality

4  is especially important where a wholly frivolous federal claim serves as a pretext to allow

5  a state law issue, the real focus of the claim, to be litigated in the federal system."  *Davis*

6  *v. Pak*, 856 F.2d 648, 650-51 (4th Cir. 1988).

7  　　　　Here, Plaintiff asserts an insubstantial federal claim.  Plaintiff does not allege how

8  42 U.S.C. § 1983 is implicated here or how Rees could be considered a state actor.  *Lemke*

9  *v. Jander,* 2021 WL 778653, *4 (S.D. Cal. 2021) ("Plaintiff cannot invoke this Court's

10  jurisdiction based on allegations that Defendant violated Plaintiff's constitutional rights

11  because Plaintiff has not adequately alleged a federal right that Defendant violated or that

12  Defendant was acting under color of law.").  The complaint alleges that Rees was privately

13  retained to represent Plaintiff's ex-wife, but even if Rees were a court-appointed lawyer,

14  that would not make him a state actor for §1983 purposes.  *Miranda v. Clark County, Nev.,*

15  319 F.3d 465, 468 (9th Cir. 2003) (en banc).  *See also Prostitis v. Riverside Superior*

16  *Family Law Ct.*, 2020 WL 3843727, *5 (C.D. Cal. 2020) ("Plaintiff has not alleged any

17  facts suggesting that his ex-wife, her lawyer, the Grove Community Church, Life to Life

18  Counseling, or the private therapists employed by either of those entities acted under color

19  of state law.").

20  　　　　Accordingly,

21  　　**IT IS ORDERED** that Clerk of the Court shall dismiss this action, without

22  prejudice, for lack of subject matter jurisdiction.

23  　　　　Dated this 28th day of March, 2022.

24

25

26  　　　　　　　　　　　　　　　　　　　　　　　　　Dominic W. Lanza

27  　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

28